IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICKY J. ASHWORTH                                                        PLAINTIFF

        v.                                    CIVIL NO.:10-2147

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

I.    **Procedural Background:**

        Plaintiff, Vicky Ashworth, appealed the Commissioner's denial of benefits to this court.

On December 1, 2011, an Order was entered remanding the case pursuant to sentence four of 42

U.S.C. § 405(g).  ECF No. 15.  The Defendant has filed a response to said motion.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all

post-judgment proceedings.  ECF No. 6.  Pursuant to this authority, the Court held a hearing on

April 18, 2012.

        Plaintiff moves for an award of $3, 455.25 in attorney's fees under 28 U.S.C. § 2412, the

Equal Access to Justice Act (hereinafter "EAJA"), for 18.50 attorney hours performed in 2010,

2011, and 2012 at a rate of $165.00 per hour and 6.30 paralegal hours at an hourly rate of $50.00.

ECF No. 17-1.  The Defendant has filed a response to Plaintiff's motion, objecting to the number

of paralegal hours requested.  ECF No. 18.

II.   **Applicable Law:**

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After reviewing the file, we find plaintiff is a prevailing party in this matter.  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.  See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in

3

excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index

## III.   Discussion:

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 14-15. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA.  ECF Nos. 18.  The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

### A.   Hourly Rate for Services Performed:

Plaintiff requests a total award of $3,455.25 under the EAJA.  Specifically, she requests these fees be paid at an hourly rate of $165.00 for all attorney work performed.  This hourly rate is authorized by the EAJA because counsel has submitted proof supporting his request for a higher fee.  Therefore, this Court finds that Plaintiff is entitled to an hourly rate of $165.00 for all attorney work performed in this case.

AO72A
(Rev. 8/82)

Plaintiff's counsel has also requested compensation for paralegal hours at the rate of $50.00 per hour. The undersigned finds $50.00 to be a reasonable rate for the services of a trained paralegal. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008). Accordingly, we find that the EAJA authorizes the reimbursement of paralegal services at the rate of $50.00 per hour.

### B.   Clerical Tasks:

The defendant has objected to a total of 2.40 paralegal hours, arguing that the tasks performed were clerical in nature and did not require the expertise of a paralegal. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and hearing argument in open court, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: the ECF filing of the consent to proceed before the Magistrate Judge; drafting letters to the U. S. Attorney, Attorney General, General Counsel, and Commissioner to accompany the Complaint and Summons; and, filing the EAJA documentation on ECF. Clearly, simply filing documents on the ECF system and preparing form letters are clerical tasks that do not require the specialized services of a paralegal. And, although we understand counsel's preference to have these tasks performed by his paralegal, due to numerous errors committed by various other members of his clerical staff, this does not change the nature of the tasks the

AO72A
(Rev. 8/82)

paralegal is performing.  Accordingly, we will deduct 1.10 paralegal hours from the total EAJA award.

We find the following tasks to contain a mixture of clerical and legal work: preparation of the Affidavit of Financial Status, Plaintiff's Motion to Proceed IFP, Summonses, and the cover sheet; preparation of the letter of service to the clerk for filing of the complaint and other documentation; preparing the Affidavits of Service; preparing the EAJA motion and its supporting documentation.  At the hearing, counsel put forth testimony to show that his paralegal is very involved in the process of interviewing his clients and preparing the case initiating documents.  He also advised the Court that his paralegal, being aware of deadlines he may have in other cases, strategically files the case initiating documents in an effort to prevent calendaring conflicts and deadlines.  Further, the paralegal also prepares the Affidavits of Service, a task which would otherwise fall on the shoulders of the attorney, and is actively involved in preparing the EAJA motion and determining the amount of time spent working up each case.  Therefore, the undersigned is satisfied that at least a portion of each of the aforementioned tasks requires the paralegal to exercise her judgment and skill to make decisions regarding the filing and completion of documents.  It is, however, impossible to delineate how much of the time completing these tasks was clerical versus how much required legal skill and knowledge, and this Court will not attempt to do so.  Therefore, Plaintiff will be awarded the full time requested for these tasks.

Accordingly, the undersigned will reduce Plaintiff's total award by 1.10 paralegal hours.

6

**C.**     **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff.  And, in keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

**D.**     **Award Recommendation:**

Based on the above, we award Plaintiff attorney fees under the EAJA for: 18.50 attorney hours performed in 2010, 2011, and 2012 at a rate of $165.00 per hour and 5.20 paralegal hours at an hourly rate of $50.00, for a total award of $3,312.50 in attorney's fees.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

**IV.**   **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,312.50** pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this <u>19th </u>day of April 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**